THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BENJAMÍN GONZÁLEZ, Defendant and Appellant.

No. 6012.   Argued March 24, 1936.—Decided March 31, 1936.

*Martínez Nadal & Navarro Ortiz* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a complaint presented in the Municipal Court of San Lorenzo where the defendant Benjamín González was charged with having carried on his person for purposes of offense and defense a rod of iron in the form of a cane, with which he assaulted Attorney Francisco Rodríguez Alverio.

The defendant was convicted and on appeal to the District Court of Humacao presented a demurrer which was overruled. The case then went to trial and the defendant was convicted.

On appeal to this court the evidence taken at the trial was not transmitted and the only question before us is the sufficiency of the complaint. Therefore, as a judgment was rendered after hearing the evidence, any needful fact to support it may be presumed.

The principal question involved is whether a rod of iron in the form of a cane is necessarily a prohibited weapon. In *People* v. *Cruz,* 34 P.R.R. 305, and the cases that followed it we held that a dangerous weapon in Puerto Rico was one as defined in the Act of 1905 or other similar weapons. The specific words of the Act of 1924 amending the Act of 1905 as amended in 1908, are:

"Section 1.—That any person unlawfully carrying any arm or instrument with which bodily injury may be caused, shall be punished by imprisonment for a term of from one to six months."

We feel bound to hold that *prima facie,* a cane of iron would be a weapon of offense and defense rather than one used for support or as part of the attire of a person. A rod of iron might readily be more like a cudgel expressly enumerated in the Act of 1905. A black-jack is not enumerated in the Act of 1905, and yet one could not doubt that a black-jack would be a weapon of offense. Of course, ordinarily a rod in the form of a walking-stick or a cane is tolerable, but when a man deliberately carries an iron stick, the presumption is that it is a weapon of offense or defense.

There was a motion for reconsideration, from the denial of which an appeal was taken. Supposing the appeal to lie, as the parties have not discussed it, neither shall we.

Both appeals should be denied.